UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Emelia Gallo,<br><br>            Plaintiff,<br><br>     v.<br><br><br>Commissioner of Social Security,<br><br>            Defendant. | CASE NO. 1:22-cv-00152-GSA<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. 406(b)<br><br>(Doc. 22) |

Plaintiff's counsel Francesco Benavides seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b).

### I.     **Background**

Plaintiff entered into a contingent fee agreement with counsel which provides for attorney fees of up to 25% of the past due benefits awarded. Doc. 22-3. The agreement also provides that counsel would seek fees pursuant to the Equal Access to Justice Act (EAJA), fees which would be refunded in the event of an award of past due benefits and payment of the 25% contingency fee. *Id.*

Plaintiff filed a complaint in this Court on February 4, 2021, appealing the Commissioner's decision denying her application for benefits. Plaintiff filed her motion for summary judgment on June 10, 2022. Doc. 15. Defendant responded on July 13, 2022. Doc. 16. Plaintiff replied on July 26, 2022. Doc. 17. On March 22, 2023, the Court issued an opinion and order granting Plaintiff's motion and remanding the matter for further proceedings. Doc. 18. Counsel was awarded EAJA fees in an amount of $7,000. Doc. 21.

On remand the agency determined that Plaintiff was disabled and entitled to past due benefits (Doc. 22-1 at 1) from which the agency withheld 25% ($22,051.75)[1] for potential payment to counsel. *Id.* at 2.

---

[1] Counsel seeks $22,000 from the amount withheld

1

**II.     Legal Standard**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, et seq] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *Vazquez v. Com'r of Soc. Sec.*, No. 1:17-CV-1646-JLT, 2020 WL 2793059, at *2 (E.D. Cal. May 29, 2020).

**III**.     **Analysis**

Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely an order of remand, entry of judgment, and ultimately a substantial award of past due benefits.  There is no indication that counsel engaged in dilatory conduct, excessive delay, or substandard performance. Counsel's itemized bill reflects 30.9 hours of attorney time for tasks including reviewing the administrative record and drafting the motion for summary judgment, which is a reasonable time expenditure for the performance of those tasks.  Doc. 22-4.

The effective hourly rate amounts to $711.97 per hour. Although this is a substantial hourly rate, the fee award would not amount to a windfall. Unlike fee motions governed entirely by the lodestar method, in contingency fee matters pursuant to section 406(b) the lodestar is merely a guidepost, and a comparatively high effective hourly rate is generally warranted to compensate counsel for the risk assumed in representing social security claimants. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

The $22,000 total amount is also consistent with total contingent fee awards granted under section 406(b). *See, e.g.*, *Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) ($24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) ($20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500).

Considering the character of the representation, the result achieved, and the fee amounts awarded in similar cases, the request here is reasonable.

Accordingly, it is **ORDERED** as follows:

1. Counsel's motion for attorney fees pursuant to 42 U.S.C. 406(b) (Doc. 22) is granted.
2. The Commissioner shall certify a payment of a gross award in the amount of $22,000 to: Francesco Benavides
3. Upon receipt of this sum, Francesco Benavides shall remit directly to Plaintiff Emilia Gallo the EAJA fees previously awarded in the amount of $7,000.

IT IS SO ORDERED.

Dated:   **March 27, 2025**          **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE

3